# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| IN RE:<br><br>**EARL LEKY LYONS,**<br>**SONYA DENISE LYONS,**<br>Debtors, | **CHAPER 13 NO.**<br><br>**17-51834-JPS** |
| **EARL LEKY LYONS,**<br>**SONYA DENISE LYONS,,**<br>Plaintiffs,<br><br>v.<br><br>**GLENDA L. TAYLOR,**<br>Defendant. | **ADVERSARY NO.**<br><br>**17-5048**<br><br>**JUDGE SMITH** |

## MOTION FOR SUMMARY JUDGMENT

Plaintiff moves the Court pursuant to Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure 7056 for summary judgment in favor of Plaintiff on the ground that there is no genuine issue as to any material fact and Plaintiff is entitled to judgment as a matter of law, as appears from the pleadings, brief, and supporting materials attached hereto.

This 22nd day of December, 2017.

> */s/ Daniel L. Wilder*
> DANIEL L. WILDER.
> Attorney for Plaintiffs
> State Bar No. 141448

LAW OFFICES OF EMMETT L. GOODMAN, JR., LLC
544 Mulberry Street, Suite 800
Macon, GA 31201
Telephone: (478) 745-5415

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | |
|---|---|
| IN RE: | |
| **EARL LEKY LYONS,** | **CHAPER 13 NO.** |
| **SONYA DENISE LYONS,** | |
|     Debtors, | **17-51834-JPS** |
| **EARL LEKY LYONS,** | |
| **SONYA DENISE LYONS,,** | |
|     Plaintiffs, | |
| | **ADVERSARY NO.** |
|     v. | |
| | **17-5048** |
| **GLENDA L. TAYLOR,** | |
|     Defendant. | **JUDGE SMITH** |

### BRIEF IN SUPPORT OF PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT

Plaintiffs filed the instant complaint to determine extent of lien on the real property owned by Plaintiffs with an address of 224 Collier Road, Barnesville, Lamar County, Georgia on October 2, 2017. After service was perfected, Defendant filed her Answer on October 27, 2017. The initial pre-trial conference was held on November 27, 2017 at which time Plaintiffs expressed their intention to move forward with summary judgment on the title reversion issue raised in Paragraph 6 of the complaint. Plaintiffs now file this their Motion for Summary Judgment contending that they have made out a prima facie case establishing that title to the property reverted to the Plaintiffs as a matter of law under O.C.G.A. § 44-14-80, and Plaintiff is entitled to a judgment declaring that Defendant has no lien against Plaintiffs' real estate.

The issue raised is considered under substantive Georgia law which applies the same summary judgment standard as do the federal courts. In considering motions for summary judgment "…the moving party must demonstrate that there is no genuine issue of material fact

and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. O.C.G.A. § 9-11-56(c)." <u>Lau's Corporation, Inc. v. Haskins</u>, 261 Ga. 491, 405 S.E.2d 474 (1991). The trial court is required to construe the evidence and all inferences and conclusions which can be drawn therefrom in favor of the party opposing the motion. <u>Moore v. Goldome Credit Corp.</u>, 187 Ga. App. 594, 595-596, 370 S.E.2d 843 (1988). In order to prevail, the moving party must either (1) submit evidence which rebuts an essential element of the other party's case, or (2) show that there is an absence of evidence to support any essential element of the other party's case. <u>Caven v. Warehouse Furnishings Distrib.</u>, 209 Ga. App. 706, 434 S.E.2d 532 (1993). Once this burden has been discharged by the moving party, the nonmoving party cannot rest upon its pleadings, but must present specific evidence giving rise to a triable issue of fact. <u>Speir v. Krieger</u>, 235 Ga. App. 392, 397 (2), 507 S.E.2d 684 (1998).

> Pursuant to O.C.G.A. § 44-14-80(a)(1),
>
> Title to real property conveyed to secure a debt or debts shall revert to the grantor or the grantor's heirs, personal representatives, successors, and assigns as follows:
>
> (1) Title to real property conveyed to secure a debt or debts shall revert to the grantor or his or her heirs, personal representatives, successors, and assigns at the expiration of seven years from the maturity of the debt or debts or the maturity of the last installment thereof as stated or fixed in the record of the conveyance or, if not recorded, in the conveyance; provided, however, that where the parties by affirmative statement contained in the record of conveyance intend to establish a perpetual or indefinite security interest in the real property conveyed to secure a debt or debts, the title shall revert at the expiration of the later of (A) seven years from the maturity of the debt or debts or the maturity of the last installment thereof as stated or fixed in the record of conveyance or, if not recorded, in the conveyance; or (B) 20 years from the date of the conveyance as stated in the record or, if not recorded, in the conveyance;
>
> ….

provided, however, that foreclosure by an action or by the exercise of power of sale, if started prior to reversion of title, shall prevent the reversion if the foreclosure is completed without delay chargeable to the grantee or the grantee's heirs, personal representatives, successors, or assigns.

Thus, the Court must simply examine the Deed to Secure Debt to determine whether Plaintiffs' claim succeeds or fails.

Plaintiffs granted Defendant's predecessor in title, John S. Taylor, a security interest / lien in the real estate at 224 Collier Road, Barnesville, Lamar County, Georgia via a Deed to Secure Debt recorded at Deed Book 540, Page 196, Superior Court of Lamar County. (Statement of Uncontested Facts at 1). A certified copy of said Deed to Secure Debt is attached to Plaintiff's Motion for Summary Judgment as Exhibit A.[1] (Statement of Uncontested Facts at 2). The Deed to Secure Debt reflects on its face that it was signed on August 2, 2005 and filed for record on September 2, 2005. (Statement of Uncontested Facts at 3 referencing Deed at Para. 1). The Deed to Secure Debt further reflects a stated maturity date, "the balance of the indebtedness, if not sooner paid, [is] due and payable on August 29, 2008." (Statement of Uncontested Facts at 4 referencing Deed at Para. 2). The Deed to Secure Debt does not contain a statement of intention to establish a perpetual or indefinite security interest. (Statement of Uncontested Facts at 5). Defendant's interest in the Deed to Secure Debt arose by assignment recorded at Deed Book 942, Page 174, Clerk's Office, Superior Court of Lamar County. (Statement of Uncontested Facts at 6). Since it has been over seven years from the maturity date of August 29, 2008 and there is no perpetual / indefinite savings clause in the deed, title reverted to Plaintiffs. Defendant has no lien by direct application of O.C.G.A. § 44-14-80.

---

[1] The certified copy is admissible as a public record and self-authenticating pursuant to Federal Rule of Evidence 902.

For all the foregoing reasons, and Plaintiff having shown the Court that no genuine issue of material fact exists, Plaintiff respectfully asks that its Motion for Summary Judgment be **GRANTED**.

Respectfully submitted this 22nd day of December, 2017.

>  */s/ Daniel L. Wilder*
> Daniel L. Wilder
> State Bar No. 141448
> Attorney for Plaintiffs

Law Offices of Emmett L. Goodman, Jr. LLC
544 Mulberry Street, Suite 800
Macon, Georgia 31201
Telephone:  (478) 745-5415
Facsimile:  (478) 746-8655
E-mail: dwilder@goodmanlaw.org

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| IN RE: | |
| **EARL LEKY LYONS,** | **CHAPER 13 NO.** |
| **SONYA DENISE LYONS,** | |
| Debtors, | **17-51834-JPS** |
| **EARL LEKY LYONS,** | |
| **SONYA DENISE LYONS,,** | |
| Plaintiffs, | |
| | **ADVERSARY NO.** |
| v. | |
| | **17-5048** |
| **GLENDA L. TAYLOR,** | |
| Defendant. | **JUDGE SMITH** |

**STATEMENT OF UNCOTESTED MATERIAL FACTS**

1. Plaintiffs granted Defendant's predecessor in title, John S. Taylor, a security interest / lien in the real estate at 224 Collier Road, Barnesville, Lamar County, Georgia via a Deed to Secure Debt recorded at Deed Book 540, Page 196, Superior Court of Lamar County. (Answer at 3 admitting Complaint at 3 except the amount due to Defendant).

2. The Deed to Secure Debt at Deed Book 540, Page 196, Superior Court of Lamar County attached to the Motion for Summary Judgment as Exhibit A is a true and correct copy. (Self-authenticating public document, FRE 902).

3. The Deed to Secure Debt reflects on its face that it was signed on August 2, 2005 and filed for record on September 2, 2005. (Same, Para. 1).

4. The Deed to Secure Debt further reflects a stated maturity date, "the balance of the indebtedness, if not sooner paid, [is] due and payable on August 29, 2008." (Same, Para. 2).

5. The Deed to Secure Debt does not contain a statement of intention to establish a perpetual or indefinite security interest. (Same).

6. Defendant's interest in the Deed to Secure Debt arose by assignment recorded at Deed Book 942, Page 174, Clerk's Office, Superior Court of Lamar County. (Answer at 4 *admitting* Complaint at 4)

                                                        */s/ Daniel L. Wilder*
                                                        DANIEL L. WILDER
                                                        Attorney for Plaintiffs
                                                        State Bar No. 141448

LAW OFFICES OF EMMETT L. GOODMAN, JR., LLC
544 Mulberry Street, Suite 800
Macon, GA 31201
Telephone: (478) 745-5415
Dwilder@goodmanlaw.org

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| IN RE: | |
| **EARL LEKY LYONS,** | **CHAPER 13 NO.** |
| **SONYA DENISE LYONS,** | |
|     Debtors, | **17-51834-JPS** |
| **EARL LEKY LYONS,** | |
| **SONYA DENISE LYONS,,** | |
|     Plaintiffs, | |
| | **ADVERSARY NO.** |
| v. | |
| | **17-5048** |
| **GLENDA L. TAYLOR,** | |
|     Defendant. | **JUDGE SMITH** |

### CERTIFICATE OF SERVICE

I, Daniel L. Wilder., do certify that I have served the Defendant's attorney with a true and correct copy of the within and foregoing Motion for Summary Judgment by ECF Notice and by depositing a copy of the same to each in the United States Mail in a properly addressed envelope with adequate postage thereon to:

Ms. Kimberly E. Hall
Attorney for Defendant
PO Box 2538
Calhoun, GA 30703
    This 22nd day of December, 2017.

                                               */s/ Daniel L. Wilder*
                                               Daniel L. Wilder
                                               State Bar No. 141448
                                               Attorney for Plaintiffs

Law Offices of Emmett L. Goodman, Jr. LLC
544 Mulberry Street, Suite 800
Macon, Georgia 31201
Telephone:  (478) 745-5415
Facsimile:  (478) 746-8655
E-mail: dwilder@goodmanlaw.org