**SO ORDERED.**

**SIGNED this 31 day of January, 2018.**



_____

**James P. Smith**
**Chief United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | CASE NO. 17-51834-JPS |
| EARL LEKY LYONS, | : | |
| SONYA DENISE LYONS, | : | |
|     Debtors | : | |
| | : | |
| EARL LEKY LYONS, | : | ADVERSARY PROCEEDING |
| SONYA DENISE LYONS, | : | |
|     Plaintiffs | : | NO. 17-05048 |
| | : | |
| v. | : | |
| | : | |
| GLENDA L. TAYLOR, | : | |
|     Defendant | : | |

BEFORE

James P. Smith
United States Bankruptcy Judge

APPEARANCE:

    For Debtors/Plaintiffs:    Daniel Lewis Wilder
                                      Law Offices of Emmett L. Goodman, Jr.
                                      544 Mulberry Street
                                      Suite 800
                                      Macon, GA 31201

    For Defendant:    Kimberly E. Hall
                                        Kimberly E. Hall, Attorney at Law
                                        PO Box 2538
                                        Calhoun, GA 30703

**MEMORANDUM OPINION**

In this adversary proceeding, Debtors assert, in part, that title to real property that they conveyed by a deed to secure debt has reverted to them pursuant to O.C.G.A. § 44-14-80(a)(1). Debtors have moved for summary judgment and Defendant has responded. The Court, having considered Debtors' motion, the response and the applicable law, now publishes this memorandum opinion.

The relevant facts are not in dispute. Earl Leky Lyons and Sonya Denise Lyons ("Debtors") signed a deed to secure debt dated August 29, 2005, in favor of John S. Taylor. The deed, which conveyed title to Debtors' real property at 224 Collier Road, Barnesville, Lamar County, Georgia, states that it secured a debt that was due and payable no later than August 29, 2008. The deed was filed in the public records of Lamar County, Georgia on September 2, 2005. The deed was later assigned and transferred to Glenda L. Taylor ("Defendant").

Debtors filed a Chapter 13 bankruptcy case on August 25, 2017. Debtors then filed this adversary proceeding.

O.C.G.A. § 44-14-80(a)(1) states:

> (a) Title to real property conveyed to secure a debt or debts shall revert to the grantor or the grantor's heirs, personal representatives, successors, and assigns as follows:
>
> > (1) Title to real property conveyed to secure a debt or debts shall revert to the grantor or his or her heirs, personal representatives, successors, and assigns <u>at the expiration of seven years from the maturity of the debt</u> or debts or the maturity of the last installment thereof as stated or fixed in the record of the conveyance or, if

> not recorded, in the conveyance; provided,
> however, that where <u>the parties by affirmative
> statement contained in the record of
> conveyance intend to establish a perpetual or
> indefinite security interest</u> in the real property
> conveyed to secure a debt or debts, the title
> shall revert at the expiration of the later of (A)
> seven years from the maturity of the debt or
> debts or the maturity of the last installment
> thereof as stated or fixed in the record of
> conveyance or, if not recorded, in the
> conveyance; or (B) 20 years from the date of
> the conveyance as stated in the record or, if not
> recorded, in the conveyance.

(emphasis added).

The deed to secure debt states that the maturity date of the debt was August 29, 2008, which is more than seven years ago. However, Defendant asserts that the deed contains an affirmative statement that the parties intended to establish a perpetual or indefinite security interest. Defendant relies upon Paragraph 10, which states:

> **Borrower Not Released**. Extension of the time for payment
> or modification of amortization of the sums secured by this
> Deed granted by Lender to any successor in interest in
> Borrower shall not operate to release, in any manner, the
> liability of the original Borrower and Borrower's successors in
> interest. Lender shall not be required to commence
> proceedings against such successor or refuse to extend time
> for payment or otherwise modify amortization of the sums
> secured by this Deed by reason of any demand made by the
> original Borrower or Borrower's successors in interest.

This clause permits the lender to extend the time for debt payments by the borrower's successor in interest without releasing the liability of the original borrower or the successor in interest. Also, the lender is not required to comply with demands by the original borrower or the borrower's successor in interest that it, the lender, commence

proceedings against the successor, refuse to extend the time for payment or otherwise modify the amortization of the debt. However, it says nothing about extending the duration of the security interest in the real property. Accordingly, this paragraph is not an affirmative statement of an intent to create a perpetual or indefinite security interest.

Defendant's reliance on the case of Matson v. Bayview Loan Servicing, LLC, 339 Ga. App. 890, 795 S.E.2d 195 (2016) is misplaced. In that case, the court held that where the security deed provided for a date certain for the maturity of the debt, the fact that the deed stated that it secured all renewals and extensions of the debt (as the deed in the case at bar provides) did not evidence an intent to establish a perpetual or indefinite security interest. 339 Ga. App. at 892-93. The court further held that while the note in question had been renewed several times, there was no evidence in the record to show whether or not such renewals had been recorded on the public record in order to trigger the automatic extension of the deed provided for in O.C.G.A. § 44-14-80(b).[1] Id. at 893. However, in the

---

[1] O.C.G.A. § 44-14-80(b) states:
> If the grantee or the grantee's personal representatives, heirs, successors, or assigns, or any of them if more than one, or an officer of a corporation having an interest shall, at any time before the title reverts as provided in subsection (a) of this Code section, make and cause to be recorded upon the record of the conveyance or elsewhere in the public records, with a notation of the place of record of the renewal on the record of the conveyance or, if not recorded, upon the conveyance, a written renewal of the debt or debts secured or the part thereof which are not fully paid and are not barred, which renewal shall be signed by the original grantor or the grantor's heirs, personal representatives, or successors in title to the real estate conveyed and shall be dated, the conveyance and record thereof shall remain of full force and effect and the title shall not revert for an additional period of seven years or 20 years according to the appropriate reversion period stated in subsection (a) of this

case at bar, there is no evidence that the note at issue was ever renewed.

Similarly, the case of <u>Stearns Bank, N.A. v. Mullins</u>, 333 Ga. App. 369, 776 S.E. 2d 485 (2015) cited by Defendant in her brief does not support her position. In that case, the court held that a deed to secure a revolving line of credit, which, by its terms, remained in effect until released, evidenced an intent to create a perpetual or indefinite security interest. The deed in the case at bar does not secure a line of credit and does not contain language that the deed remains in effect until released.

Because the deed does not contain an affirmative statement of intent to establish a perpetual or indefinite security interest, title to the real property reverted to Debtors on August 29, 2015, seven years after the August 29, 2008 maturity date. Accordingly, Debtors are entitled to summary judgment. The Court will enter a separate order in accordance with this opinion.

*END OF DOCUMENT*

---

Code section from the date of the renewal unless the debt or debts are paid sooner.